IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

O.D. PHILLIPS,

      Plaintiff,                      No. 2:09-cv-01535 GEB KJN PS

     v.                             <u>STATUS (PRETRIAL SCHEDULING) ORDER</u>

UNITED STATES OF AMERICA,

      Defendant.
_____/

        READ THIS ORDER CAREFULLY.  IT CONTAINS IMPORTANT DATES THAT THE COURT WILL STRICTLY ENFORCE AND WITH WHICH ALL COUNSEL AND PARTIES MUST COMPLY.  FAILURE TO COMPLY WITH THE TERMS OF THIS ORDER MAY RESULT IN THE IMPOSITION OF MONETARY AND ALL OTHER SANCTIONS WITHIN THE POWER OF THE COURT, INCLUDING DISMISSAL OR AN ORDER OF JUDGMENT.

        On April 22, 2010, the case was before the undersigned for a status (pretrial scheduling) conference.[1]  (Dkt. No. 16.)  Following the status conference, the undersigned

---

[1] This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21) and 28 U.S.C. § 636(b)(1), and was reassigned by an order entered February 9, 2010 (Dkt. No. 12).  Although plaintiff has consented to the jurisdiction of the

1

ordered the parties to file a joint status report, and the parties have done so. (See Dkt. Nos. 15, 17.) In consideration of the Joint Status Report filed on May 24, 2010 (Dkt. No. 17), the court enters the following scheduling order:

NATURE OF CASE

Plaintiff filed a complaint against the United States of America seeking relief under the Federal Tort Claims Act ("FTCA"). (Pl.'s Compl. at 2, Dkt. No. 1.) Plaintiff alleges that he filed an unsuccessful administrative claim with the United States Department of Veterans Affairs arising from alleged medical malpractice committed by physicians at the Veterans Hospital at McClellan Air Force Base in Sacramento, California. (Id. at 1-2.) In essence, plaintiff alleges that his physicians failed to timely diagnose squamous cell carcinoma in his neck and, as a result, he was forced to undergo "a left modified radical neck dissection followed by radiation treatment." (Id. at 2.) Plaintiff seeks three million dollars in compensatory damages.

SERVICE OF PROCESS

Service of process is undisputed, and defendant has filed an answer to plaintiff's complaint. (Dkt. No. 14.)

JOINDER OF PARTIES/AMENDMENTS

No further joinder of parties or amendments to pleadings will be permitted except with leave of court and upon a showing of good cause.

JURISDICTION/VENUE

Jurisdiction is undisputed and is hereby found to be proper. See 28 U.S.C. § 1331. The parties' Joint Status Report states that "[i]t appears at this time that the Eastern District of California is the appropriate venue for this cause of action." (Dkt. No. 17 at 2:2-3.) The undersigned construes the partes' statement as conveying that venue is undisputed, and the undersigned hereby finds venue to be proper. See 28 U.S.C. §§ 1391(b), 1402(b).

---

United States Magistrate Judge (Dkt. No. 5), defendant has not yet filed the form indicating whether it consents to the jurisdiction of the United States Magistrate Judge.

MOTION HEARING SCHEDULES

All law and motion, except as to discovery-related matters, shall be completed by September 30, 2011. The word "completed" in this context means that all law and motion matters must be heard by the above date. Counsel (and/or pro se parties)[2] are cautioned to refer to the Local Rules regarding the requirements for noticing such motions on the court's regularly scheduled law and motion calendar. This paragraph does not preclude motions for continuances, temporary restraining orders or other emergency applications, and is subject to any special scheduling set forth in the "MISCELLANEOUS PROVISIONS" paragraph below.

The parties should keep in mind that the purpose of law and motion is to narrow and refine the legal issues raised by the case and to dispose of by pretrial motion those issues that are susceptible to resolution without trial. To accomplish that purpose, the parties need to identify and fully research the issues presented by the case, and then examine those issues in light of the evidence obtained through discovery. If it appears to counsel after examining the legal issues and facts that an issue can be resolved by pretrial motion, counsel are to file the appropriate motion consistent with the law and motion cutoff set forth above.

ALL PURELY LEGAL ISSUES ARE TO BE RESOLVED BY TIMELY PRETRIAL MOTION. Counsel are reminded that motions in limine are procedural devices designed to address the admissibility of evidence. COUNSEL ARE CAUTIONED THAT THE COURT WILL LOOK WITH DISFAVOR UPON SUBSTANTIVE MOTIONS PRESENTED UNDER THE GUISE OF MOTIONS IN LIMINE AT THE TIME OF TRIAL.

DISCOVERY

All discovery shall be *completed* by June 30, 2011. The word "completed" means that all discovery shall have been conducted so that all depositions have been taken and any disputes relative to discovery shall have been resolved by appropriate order if necessary and,

---

[2] Any reference to "counsel" in this order includes parties appearing without counsel, otherwise referred to as appearing in propria persona or pro se.

where discovery has been ordered, the parties have complied with the order. Motions to compel discovery must be noticed on the undersigned's law and motion calendar in accordance with the Local Rules and must be heard not later than May 26, 2011.

Initial disclosures shall be completed by August 12, 2010.

EXPERT DISCLOSURE

The parties are to designate in writing and file with the court, and serve upon all other parties, the names of all experts they propose to tender at trial, pursuant to the following schedule. Plaintiff's initial expert disclosures shall be made on or before January 14, 2011. Defendant's initial expert disclosures and rebuttal expert disclosures shall be made on or before February 14, 2011. Plaintiff's rebuttal expert disclosures, if any, shall be made on or before March 14, 2011.

An expert witness not appearing on such lists will not be permitted to testify unless the party offering the witness demonstrates: (a) that the necessity of the witness could not have been reasonably anticipated at the time the lists were exchanged; (b) the court and opposing counsel were promptly notified upon discovery of the witness; and (c) that the witness was promptly proffered for deposition. Failure to provide the information required along with the expert designation may lead to preclusion of the expert's testimony or other appropriate sanctions.

For the purposes of this scheduling order, experts are defined as "percipient" and "Rule 26" experts. Both types of experts shall be listed. Percipient experts are persons who, because of their expertise, have rendered expert opinions in the normal course of their work duties or observations pertinent to the issues in the case. Another term for their opinions are "historical opinions." Percipient experts are experts who, unless also designated as Rule 26 experts, are limited to testifying to their historical opinions and the reasons for them. That is, they may be asked to testify about their opinions given in the past and the whys and wherefores concerning the development of those opinions. However, they may not be asked to render a

current opinion for the purposes of the litigation.

Rule 26 experts, who may also be percipient experts, shall be specifically designated by a party to be a testifying expert for the purposes of the litigation.  A Rule 26 expert may express opinions formed for the purposes of the litigation.  A party designating a Rule 26 expert will have acquired the express permission of the witness to be so listed.

The parties shall comply with the information disclosure provisions of Federal Rule of Civil Procedure 26(a)(2) for any expert, who is in whole or in part designated as a Rule 26 expert.  This information is due at the time of designation.  Failure to supply the required information may result in the Rule 26 expert being stricken.  All Rule 26 experts are to be fully prepared to render an informed opinion at the time of *designation* so that they may fully participate in any deposition taken by the opposing party.  Rule 26 experts will not be permitted to testify at trial as to any information gathered or evaluated, or opinion formed, which should have been reasonably available at the time of designation.  The court will closely scrutinize for discovery abuse opinions offered at deposition that differ markedly in nature and/or in bases from those expressed in the mandatory information disclosure.

<u>FINAL PRETRIAL CONFERENCE</u>

The final pretrial conference is set before United States District Judge Garland E. Burrell, Jr. on December 12, 2011, at 1:30 p.m., in Courtroom No. 10.  Counsel are cautioned that counsel appearing at the pretrial conference will in fact try the matter.  Counsel for all parties are to be fully prepared for trial at the time of the pretrial conference, with no matters remaining to be accomplished except production of witnesses for oral testimony.  Counsel are referred to Local Rules 281 and 282 relating to pretrial statements and conferences.  A FAILURE TO COMPLY WITH LOCAL RULES 281 AND 282 WILL BE GROUNDS FOR SANCTIONS.

Notwithstanding Local Rule 281, the parties shall submit a *joint pretrial statement* not later than fourteen (14) days prior to the pretrial conference.  The joint pretrial statement shall conform with the requirements of Local Rule 281(b).  The undisputed facts and disputed factual

issues shall be set forth in two separate sections.  The parties should identify those facts which are relevant to each separate cause of action.  In this regard, the parties are to number each individual fact or factual issues.  Where the parties are unable to agree as to what factual issues are properly before the court for trial, they should nevertheless list in the section on "DISPUTED FACTUAL ISSUES" all issues asserted by any of the parties and explain by parenthetical the controversy concerning each issue.  The parties should keep in mind that, in general, each fact should relate or correspond to an element of the relevant cause of action.  The parties should also keep in mind that the purpose of listing the disputed factual issues is to apprise the court and all parties about the precise *issues* that will be litigated at trial.  *The court is not interested in a listing of all evidentiary facts underlying the issues that are in dispute.*[3]  The joint statement of undisputed facts and disputed factual issues is to be filed with the court concurrently with the filing of the joint pretrial statement.

        Pursuant to Local Rule 281(b), the parties are required to provide with their pretrial statement a list of witnesses and exhibits that they propose to proffer at trial, no matter for what purpose.  These lists shall *not* be contained in the pretrial statement itself, but shall be attached as separate documents to be used as addenda to the final pretrial order.  Plaintiff's exhibits shall be listed numerically; defendant's exhibits shall be listed alphabetically.  The pretrial order will contain a stringent standard for the proffering of witnesses and exhibits at trial not listed in the pretrial order.  Counsel are cautioned that the standard will be strictly applied.  On the other hand, the listing of exhibits or witnesses which counsel do not intend or use will be viewed as an abuse of the court's processes.

        Counsel (and pro se parties) are reminded that, pursuant to Federal Rule of Civil Procedure 16, it will be their duty at the pretrial conference to aid the court in: (a) formulation and simplification of issues and the elimination of meritless claims or defenses; (b) settling of

---

[3] However, with respect to the listing of undisputed facts, the court will accept agreements as to evidentiary facts.

facts that should be properly admitted; and (c) avoidance of unnecessary proof and cumulative evidence. The parties must prepare their joint pretrial statement and participate in good faith at the pretrial conference with these aims in mind. A FAILURE TO DO SO MAY RESULT IN THE IMPOSITION OF SANCTIONS, which may include monetary sanctions, orders precluding proof, eliminations of claims or defenses, or such other sanctions as the court deems appropriate.

TRIAL SETTING

In accordance with the FTCA, trial in this matter will be a bench trial. A bench trial is set to commence before Judge Burrell on February 21, 2012, at 9:00 a.m., in Courtroom No. 10. Although the parties have not provided an estimate of the length of the trial, the court anticipates that the bench trial will take approximately one week.

SETTLEMENT CONFERENCE

In their Joint Status Report, the parties request that a settlement conference be scheduled. (Dkt. No. 17 at 2:15.) However, it is unclear whether the parties want a settlement conference presently scheduled or some time in the future after discovery or motions. Accordingly, the parties are directed to contact the assigned Magistrate Judge's courtroom deputy when they jointly want to schedule a settlement conference. The parties shall file settlement conference statements, drafted in conformity with Local Rule 270, no later than seven days before the settlement conference.

MISCELLANEOUS PROVISIONS

The parties are reminded that pursuant to Fed. R. Civ. P. 16(b)(4), this order shall not be modified except by leave of court upon a showing of good cause. Counsel are cautioned that changes to any of the scheduled dates will necessarily result in changes to all other dates. Thus, even where good cause has been shown, the court will not grant a request to change the discovery cutoff date without modifying the pretrial and trial dates.

Agreement by the parties pursuant to stipulation does not constitute good cause. Nor does the unavailability of witnesses or counsel, except in extraordinary circumstances,

1 constitute good cause.

2 SUMMARY OF ORDER

        THE COURT SUMMARIZES THE SCHEDULING ORDER AS FOLLOWS:

        1.    Initial disclosures shall be completed on or before August 12, 2010, and the parties may conduct discovery until June 30, 2011, as described above.  Motions to compel discovery are to be noticed for hearing no later than May 26, 2011, as more specifically described in this order.

        2.    As described more specifically above, plaintiff's initial expert disclosures shall be made on or before January 14, 2011.  Defendant's initial expert disclosures and rebuttal expert disclosures shall be made on or before February 14, 2011.  Plaintiff's rebuttal expert disclosures shall be made on or before March 14, 2011.

        3.    All pretrial motions, except motions to compel discovery, shall be completed as described herein on or before September 30, 2011.

        4.    The final pretrial conference is set before Judge Burrell on December 12, 2011, at 1:30 p.m., in Courtroom No. 10.  A joint pretrial statement shall be filed in accordance with Local Rules 281 and 282, and the requirements set forth herein.

        5.    A bench trial is set to commence before Judge Burrell on February 21, 2012, at 9:00 a.m., in Courtroom No. 10.

    IT IS SO ORDERED.

DATED: May 24, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE